UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.00-6092-CR-HURLEY

FILED BY _____ D.C.
INTAKE

01 JUN -1 AM 8:44

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES OF AMERICA

v.

JOSE MARTIN PEREZ and
JOSE EFFRAIN GONZALEZ
        DEFENDANTS,
----------------------------/



REC'D by _____ D.C.

JUN - 4 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT
S.D. OF FLA. - W.P.B

### GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

    The United States of America, in response to the Standing
Discovery Order issued in this case file this response which is
alphabetized and numbered to correspond to that original order and
states as follows:

    A.    1.    There are written or recorded statements made by the
defendant GONZALEZ. No statements were made by PEREZ
          2.    The defendant GONZALEZ made oral statements after
arrest, in this matter in response to interrogation by a then
known-to-be government agent. See attached

          3.    Defendant did not testify before the grand jury.

          4.    The defendant PEREZ has a criminal history which is
attached.

          5.    Books, papers, documents, photographs, tangible
objects, buildings or places which the government intends to use as
evidence at trial to prove its case in chief, or were obtained from
or belonging to the defendant, include but are not limited to:
Surveillance photographs from the February 2, 2000 robbery of
Regent Bank ; FDIC Certificate 26713-9 for Regent Bank issued
7/24/97; black leather jacket; white baseball cap; and assorted
receipts.

          6.    The results or reports of physical or mental
examinations or scientific tests or experiments made in connection
with this case, if any exist, will be provided as soon as they are
received by the undersigned. See attached negative fingerprint
report

B.   The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C.   The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976) is as follows: none known.

D.   The existence and substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959) is as follows: none known

E.   None Known

F.   The defendants were not identified in any photo spread. A Photo spread containing the photo of PEREZ and five other individuals was shown to Maria Olan, Patricia Stalker (victim teller) and Christine Springer, bank employees who were unable to identify any photograph as being the person who had robbed the bank on 2/2/2000.

G.   The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

H.   The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b).   Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise. On January 19, 2000, PEREZ and along with an unidentified individual  robbed the Amsouth Bank of America, an FDIC insured institution, located at 4404 West Kennedy Boulevard, Tampa, Florida.

I.   The defendants are not aggrieved persons as defined in Title 18, United States Code, Section 2510(11), that is, the defendants were not a party to any intercepted wire or oral communication or a person against whom the interception was directed.

J.   The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K.    There are no controlled substances which are the subject of the indictment in this case.

L.    The United States may seize or forfeit any automobile, vessel or aircraft allegedly used in the commission of the offenses in this indictment.

M.    No Latent fingerprints of the defendant were recovered in this case.

The United States demands, pursuant to Federal Rule of Criminal Procedure 12.1, notice of the defendant's intention to offer a defense of alibi. The approximate date, time and place at which the alleged offenses were committed are as follows:

Time and Date: 11:40 AM February 2, 2000
                1100 SE 3rd ave Fort Lauderdale, FL
Place:          Broward County, Florida


Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY


CERTIFICATE OF SERVICE


I hereby certify that a copy of this Government's Response to Standing Discovery Order was mailed this 30 st day of May, 2001 to: Robin Rosen Evans, Assistant Federal Public Defender, 400 Australian Ave south suite 300  West Palm Beach, FL 33401.


Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY

cc: S/A Ed Knapp, FBI